

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 10 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| POWERVIBE, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| PATRICK BARBARA, | § | **307 - CV1536 - K** |
| | § | |
| Defendant. | § | |

---

### DEFENDANT PATRICK BARBARA'S NOTICE OF REMOVAL

---

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, Patrick Barbara, Defendant herein, and files this Notice of Removal and would show as follows:

I.

1.    Patrick Barbara is the Defendant in a civil action pending in County Court No. 1 of Dallas County, Texas styled *Powervibe, L.L.C. v. Patrick Barbara*, Cause No. CC-07-11458-A.  A copy of the Citation and Petition in that action are attached and constitute all processes, pleadings, and orders served in the action.

2.    Citation and Petition in this action were served on August 20, 2007.  This Notice of Removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. §1446(b).

Dockets.Justia.com

3.      The District Courts of the United States have original jurisdiction over this action based on diversity of citizenship in that the parties hereto are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      Plaintiff is a Texas limited liability company which allegedly has its principal place of business in Dallas County (see Paragraph 2.01 of Plaintiff's Original Petition). Defendant is an individual residing in California.

5.      Defendant, as the removing party, will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d) and will promptly file a copy of this Notice of Removal with the Dallas County Clerk where the action is currently pending.

WHEREFORE, PREMISES CONSIDERED, Patrick Barbara removes the case pending in the County Court at Law No. 1 of Dallas County styled *Powervibe, L.L.C. v. Patrick Barbara,* Cause No. CC-07-11458-A, to this United States District Court for the Northern District of Texas, Dallas Division and further requests that this Court assume jurisdiction over the cause herein as provided by law.

Respectfully submitted,


Shawn K. Brady
Texas Bar No. 00787126

BRADY LAW FIRM, PLLC
1721 W. Plano Parkway
Suite 102
Plano, Texas 75075
(972) 424-7200 Telephone
(972) 424-7244 Facsimile

Attorney for
Patrick Barbara

## CERTIFICATE OF SERVICE

I hereby certify that on the *10* day of September, 2007, a true and correct copy of the above and foregoing has been delivered by certified mail, return receipt requested to J. Mark Bragg, LAW OFFICES OF J. MARK BRAGG, 5700 W. Plano Parkway, Suite 3400, Plano, Texas 75093.


Shawn K. Brady

CERT. MAIL

J1391118

C I T A T I O N

CAUSE NO. _____CC-07-11458-A_____

RECEIVED
SECRETARY OF STATE
AUG 14 2007
9:30 AM
CITATIONS UNIT

POWERVIBE LLC

VS.

BARBARA PATRICK

PATRICK BARBARA
SERVE THROUGH THE SECRETARY OF STATE
CITATIONS UNIT
P.O. BOX 12079
AUSTIN, TEXAS 78711-2079

ATTORNEY FOR  J BRAGG
           PLAINTIFF
           5700 W PLANO PARKWAY
           SUITE 3400
           PLANO TX 75093
           (214) 432-3380
ADDRESS

---

FORM NO. 412 - CITATION

THE STATE OF TEXAS

CAUSE NO. _____CC-07-11458-A_____

COUNTY COURT OF DALLAS COUNTY AT LAW NO. ___1___

DALLAS COUNTY, TEXAS

TO:  PATRICK BARBARA
     SERVE THROUGH THE SECRETARY OF STATE
     CITATIONS UNIT
     P.O. BOX 12079
     AUSTIN, TEXAS 78711-2079

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY
DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY
10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS
AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY
BE TAKEN AGAINST YOU." YOUR ANSWER SHOULD BE ADDRESSED TO THE CLERK OF
COUNTY COURT AT LAW NO. __1__ OF DALLAS COUNTY, TEXAS, AT THE COURT HOUSE
OF SAID COUNTY IN DALLAS, TEXAS 75202.

PLAINTIFF
POWERVIBE LLC

VS
BARBARA PATRICK

DEFENDANT, FILED IN SAID COURT ON THE 7TH DAY OF AUGUST A.D. 2007,
COPY OF WHICH ACCOMPANIES THIS CITATION.

WITNESS: JOHN WARREN, CLERK OF THE COUNTY COURTS OF DALLAS COUNTY,
TEXAS; GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT DALLAS, TEXAS,
AND ISSUED THIS _8TH_ DAY OF _AUGUST_ A.D. 2007.

JOHN WARREN, CLERK                DALLAS COUNTY AT LAW NO. __1__
COUNTY COURT, DALLAS COUNTY TEXAS

                    BY _____ , DEPUTY
*******                FANNITTA FLORES

CAUSE NO. _____

2007 AUG -7 PH 3: 08

| | |
|---|---|
| POWERVIBE, L.L.C., <br> a Texas limited liability company | § IN THE COUNTY COURT <br> § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § NO. _____ |
| | § |
| PATRICK BARBARA, <br> an individual | § |
| | § |
| | § |
| Defendants. | § DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW POWERVIBE, L.L.C. (sometimes hereinafter referred to as "POWERVIBE"), Plaintiff in the above-entitled and numbered cause, and complains of PATRICK BARBARA, an Individual (hereinafter referred to as ("BARBARA"), and files this, Plaintiff's Original Petition and for cause of action shows:

### I.
### DISCOVERY CONTROL PLAN

1.01    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3(a) and affirmatively pleads that it seeks monetary relief aggregating more than $50,000.00.

### II.
### PARTIES

2.01    POWERVIBE, L.L.C. (also sometimes hereinafter referred to as "PLAINTIFF") is a Texas limited liability company, duly formed and existing under the laws of the State of Texas, whose principal place of business is in Dallas County, Texas.

2.02    Defendant. PATRICK BARBARA, is an individual, who resides and may be served by and through the Texas Secretary of State at the following address:

> Patrick Barbara
> 3278 Wilshire Boulevard
> Suite 103
> Los Angeles, CA 90010.

At all relevant times pertaining to this suit, Barbara's tortious conduct established the necessary minimum contacts with this State to establish personal jurisdiction in this case pursuant to Section 17.042 of the Texas Civil Practice and Remedies Code. Additionally, the Defendant's contacts with this State, including but not limited to his tortious conduct are continuing and systematic, and support the Court's assertion of personal jurisdiction over Sanders in this matter.

## III.
## VENUE

3.01    Pursuant to Texas Civil Practice and Remedies Code, § 15.002, venue is proper in Dallas County, Texas because this is the county in which all or part of the cause of action accrued.

3.02    Pursuant to §15.017, venue is proper in Dallas County because this is a suit for slander, among other things, and can only be maintained in the county in which Plaintiff resided at the time of the accrual of the cause of action, which is Dallas County.

## IV.
## BACKGROUND FACTS

4.01    POWERVIBE is a Texas limited liability company that was organized on or about June 31, 2006. Barbara served as the President and as a Manager of POWERVIBE from its inception until he was replaced on or about March 22, 2007. Barbara was originally issued and currently owns around 33.33% of the outstanding-issued membership interests in POWERVIBE based on his financial investment and his participation in the company. The other members of

POWERVIBE (the "Members") obtained their interests in POWERVIBE based on their financial investment and participation in the company, as well.

4.02    Since the company's inception, the main business has been manufacturing, marketing, distributing and selling exercise equipment and accessories that use the Whole Body Vibration technology, as that term is generally used in the marketplace, to the public and to retail outlets.

4.03    The initial and main product of the company is an exercise machine called the PowerVibe and/or PowerVibe Pro.

4.04    In June of 2006, POWERVIBE entered into a manufacturing agreement for the manufacture and distribution of POWERVIBE Pro units with Cyber Power, Ltd, DS-Design and Steven Decommer as the Manufacturer. This agreement contained an exclusivity provision whereby the manufacturer is not allowed to manufacture the machine for other companies.

4.05    In August of 2006, all of the Members of POWERVIBE executed a NonCompete/Noncircumvent Agreement (the "Agreement"), which called for:

- (a) the signatories not to compete, directly or indirectly, with each other or POWERVIBE in North and South America for a period of one year from the date of the termination of the Agreement; and

- (b) the transfer all domain names, trademarks, copyrights, logos, marketing materials, contacts and everything else created or marketed prior to the Agreement to POWERVIBE; and

- (c) the signatories not to circumvent each other in the marketing, distribution, manufacturing and sale of non-professional equipment that includes or incorporates the Whole Body Vibration technology.

4.06    In September of 2006, the Members of POWERVIBE unanimously agreed to seek financing for the purchase of equipment from a third party. In deciding to seek such outside financing, the Members unanimously voted that one hundred percent (100%) of the income or commissions earned from the sale of POWERVIBE Pro units would be used to pay off the financing of the purchase of inventory. A provision was included therein that the income or commissions could be used for another business purpose; provided, however, that such decision required the unanimous written consent of the three Members. The decision to incur such debt for the purchase of equipment was conditioned specifically on the use of any such income to first pay off the debt incurred.

4.07    From and after his appointment as President and Manager of POWERVIBE, Barbara failed to follow through with assignments and contacts and failed to keep accurate and complete files of contracts. Simple tasks such as setting up merchant accounts took far longer than practical under the circumstances. Sales were not forthcoming.

4.08    In December of 2006, the failures of Barbara led to the risk of losing approximately 30 POWERVIBE Pro units, the loss of sales, loss of marketing opportunities and loss of relationships. At this time, the other Members began questioning the capability of Mr. Barbara to act effectively in the role of President and asked him to consider stepping down from his position so that he could focus on sales rather than the administrative matters of the company. Further, Barbara failed to keep accurate and detailed information on inventory. The company had to expend multiple hours figuring out inventory matters and customer information to ensure that the company continued to fulfill orders in a timely manner.

4.09    In late December of 2006 and through the efforts of the other Members of POWERVIBE, sales of the POWERVIBE Pro units increased.

4.10    In January of 2007, Barbara began refocusing his energies to other business ventures. At this time, Barbara began to disparage POWERVIBE and the other members to its sales people, distributors and Steven Decommer, the manufacturer. Barbara also began marketing, manufacturing and selling competitive exercise equipment that incorporated the Whole Body Vibration technology at a slightly higher price point and recruiting the POWERVIBE sales force and contacting POWERVIBE customer accounts to sell such competitive machines. Over the weekend of August 2, 2007 through August 4, 2007, and despite the fact that POWERVIBE has an exclusivity agreement with its manufacturer, Barbara attended the Health and Fitness Business trade show in Denver, Colorado and shared a booth with Steven Decommer. At this trade show, Barbara and Decommer promoted and displayed the machine that is in direct competition with and identical to the PowerVibe Pro and manufactured by Cyber Power, Ltd, DS-Design and/or Steven Decommer.

4.11    Barbara failed or refused to properly train the sales team on the use of the PowerVibe Pro and resulted in a longer learning period and extra cost in bringing in someone else to train the sales team.

4.12    In March of 2007, it was discovered that Barbara had jeopardized the relationship with the manufacturer by failing to follow-through on agreements. Barbara also failed to provide critical data to the other members of the company, including distributor agreements and leads generated from the website. POWERVIBE has had to change its marketing materials, at great expense, to allow for the proper access to such leads. Barbara blocked access to the websites and failed to transfer the processing of sales over the internet from PayPal to a credit card processing account that had been established and refused to provide access to the PayPal account, and the funds generated by same, to the other Members of the company.

4.13　At this same time, Barbara began withholding funds from sales and began demanding repayment of personal expenses despite the fact that the loan was still outstanding from the purchase of equipment and the agreement by the parties to defer the payment of expenses until repayment of the loan. Mr. Barbara knowingly and intentionally continued to process sales through the PayPal account even after being notified, in writing, that the company was no longer processing through that account and he did so in a covert manner.

4.14　As a result of this behavior, a special members meeting was held and Barbara was voted out as President and as a manager of the company. At that same meeting, Barbara agreed to provide the username, password and codes for the websites and domain names. Sales were lost because the Company did not have access to the website and the shopping cart was not set up.

4.15　Mr. Barbara also damaged the relationship with Google™ as a search engine and otherwise negligently created the website for POWERVIBE in a way that didn't allow for the proper capture of leads and resulted in lost sales.

4.16　Mr. Barbara was also advised repeatedly in writing that he no longer had the authority to hold himself out to the public as the president of the company or as having the authority to enter into distributor agreements. He was also advised that by conducting himself as such and not providing the information to the Company, he was creating potential liabilities, either by making deals the Company would not otherwise make or didn't know about or by promising things to customers but not disclosing those things to the Company. Generally, Barabara was fraudulently misrepresenting to the public that he was the president when he was not.

4.17    The other Members of the company encouraged Mr. Barbara to continue selling PowerVibe Pro units because the more that were sold, the faster the loan could be repaid and the faster the parties could get reimbursement of expenses and begin making money from the venture.

4.18    Despite almost daily requests by representatives of the company to turn over such company assets, Mr. Barbara refused to do so.   Funds from sales made in February of 2007 still have not been turned over to the company.

4.19    Mr. Barbara began demanding that the other Members buy him out and has refused to turn over the company assets until they agree to pay him money while the loan remains unpaid.  Subsequently, he refused to communicate with any of the Members or anyone else at the company unless it was agreed that he would be bought out while simultaneously, he continued to hold himself out as President.

4.20    Due to communications by Mr. Barbara with the manufacturer, the manufacturer now refuses to communicate with the other members of the company.

4.21    Recently, it was discovered that Mr. Barbara has entered into competition with POWERVIBE by representing, marketing and selling the identical product under a different name in competition with the Company and in violation of the Noncompete Noncircumvent Agreement.

4.22    Mr. Barbara is using one of the POWERVIBE toll-free 800 telephone numbers to market an identical machine to PowerVibe Pro.  POWERVIBE has made multiple requests to Mr. Barbara for the return of the phone number.  Although Mr. Barbara advised POWERVIBE that he had released or otherwise abandoned the telephone number, the truth is that Mr. Barbara is using this telephone number that is associated with POWERVIBE to market a competitive

product and has routed this telephone number to his cellular phone. Upon calling the number, the caller is introduced to an identical machine to PowerVibe Pro. None of these sales are being disclosed to POWERVIBE and none of the proceeds have been turned over to the company.

4.23    The marketing materials that Mr. Barbara is using to sell this product are the same or substantially the same in style and layout to the materials used to market PowerVibe Pro.

4.24    A consultant that POWERVIBE was seeking to hire has refused to do business with POWERVIBE on the principal that another party is selling an identical machine in the marketplace and in writing said that it is a problem for two different companies to sell the identical machine under two different brand names. Mr. Barbara contacted this consultant after POWERVIBE had initiated contact and tried to solicit the same consultant to sell Barbara's Whole Body Vibration machine that is identical to PowerVibe Pro but made under a different name.

4.25    Mr. Barbara has specifically told third parties that POWERVIBE cheated him out of money and refused to pay him wages owed.

4.26    POWERVIBE has had to turn down large contracts due to the uncertainty with the manufacturer that exists and the ability to fulfill such contracts.

4.27    Barbara has also attempted to recruit various sales consultants to work for him.

4.28    In addition to interfering with existing business relationships, Mr. Barbara's behavior is slanderous against the company.

4.29    In addition to the existing accounts of POWERVIBE that Barbara is seeking to usurp, through his efforts and marketing of a substantially similar product, Barbara has likely obtained accounts of other vendors that are or likely would have been opportunities that Power Vibe would be interested in obtaining for itself.

4.30    As a direct and proximate result of Barbara's, POWERVIBE has suffered damages as more fully set forth below.

## V.
## BREACH OF DUTY OF CARE

5.01    The foregoing paragraphs are incorporated herein for all purposes.

5.02    As President and as a Manger of POWERVIBE, Barbara owed a duty of care to POWERVIBE in the management of the company.

5.03    Barbara, as President and as a Manager of POWERVIBE, breached that duty of care when he engaged in the fraudulent behavior described in Section 4 above.

5.04    Barbara has used the assets of the company and materials used to promote the company and the PowerVibe Pro solely for the benefit of Barbara, personally.

5.05    POWERVIBE has now discovered that assets that were supposed to be transferred to the company, as more fully described in Section 4 above, were false and that such representations were not in the furtherance of POWERVIBE'S business but rather for the personal benefit of Barbara.

5.06    Such behavior by Barbara was not in good faith or in the best interest of the company. If fact, the conduct of Barbara was willful and malicious, and constituted a fraudulent scheme in violation of Barbara's fiduciary duties owed to POWERVIBE.

5.07    As a direct and proximate result of the said breaches, POWERVIBE has suffered damages as more fully set forth below.

## VI.
## BREACH OF DUTY OF LOYALTY

6.01    The foregoing paragraphs are incorporated herein for all purposes.

6.02    Additionally and/or alternatively without waiving any of the above and foregoing, Barbara owed a duty of loyalty to act in the best interest of POWERVIBE and its Members, while acting as President and as a Manager of POWERVIBE.

6.03    Barbara had an obligation to put the interests of POWERVIBE before his own personal interests.

6.04    Barbara breached his duty of loyalty when he did not deal fairly and openly and he failed to fully disclose material facts to and get authorization and approval from POWERVIBE and its Member for opportunities more fully described in Section 4 above.

6.05    Barbara's foregoing conduct damaged POWERVIBE by depriving the company of its right and ability to profit from the sale of its products and in the ordinary course of its business.

6.06    The business opportunities set forth in Section 4 above, with respect to the machine that is identical to PowerVibe Pro are of a nature that would have been and are of interest to POWERVIBE and, in fact, in some instances may have already been POWERVIBE contacts and/or accounts before converted by Barbara.

6.07    The conduct of Barbara was willful and malicious, and constituted a fraudulent scheme in violation of Barbara's fiduciary duties owed to POWERVIBE .

6.08    As a direct and proximate result of Barbara's actions, POWERVIBE has suffered damages as more fully set forth below.

VII.
TORTIOUS INTERFERENCE BY DEFENDANT OF
POWERVIBE'S BUSINESS AND CONTRACTUAL RELATIONSHIPS

7.01    The foregoing paragraphs are incorporated herein for all purposes.

7.02    Additionally and or alternatively without waiving any of the above and foregoing. Barbara, while acting as President and as a Manager of POWERVIBE, tortiously interfered with POWERVIBE business and contractual relationships.

7.03    Barbara, knowingly, intentionally and tortiously interfered with POWERVIBE business and contractual relationships as more fully described in Section 4 above.

7.04    Barbara knew of these existing POWERVIBE business and contractual relationships.

7.05    The foregoing tortious interference has interfered with the daily operations and business accounts of POWERVIBE.

7.06    The conduct of Barbara, as President and as a Manager of POWERVIBE was willful and malicious, and constituted a fraudulent scheme in violation of Barbara's fiduciary duties owed to POWERVIBE .

7.07    As a direct and proximate result of the above-mentioned tortious interference, POWERVIBE has suffered damages as more fully set forth below.

## VIII.
## SLANDER

8.01    The foregoing paragraphs are incorporated herein for all purposes.

8.02    Additionally and or alternatively without waiving any of the above and foregoing, Barbara, made false statements to third parties that had business and contractual relationships with POWERVIBE, as more fully described in Section 4, above.

8.03    Barbara made these false statements knowingly and intentionally and with actual malice and with the intention that POWERVIBE lose business.

8.04    The false statements made by Barbara have had and continue to have the detrimental effect on POWERVIBE'S business as was intended by Barbara. As more fully stated

in § 4. above, POWERVIBE has lost actual business as a direct and proximate result of Barbara's false statements and has suffered actual damages as more fully described below.

IX.
CIVIL THEFT

9.01    The foregoing paragraphs are incorporated herein for all purposes.

9.02    Additionally and/or alternatively without waiving any of the above and foregoing, Barbara, as President and as a Manager of POWERVIBE unlawfully appropriated property from POWERVIBE as more fully described in Section 4 above.

9.03    The conduct of Barbara constitutes theft pursuant to the Texas Theft and Liability Act (the "Act"), §134.001 *et seq.* of the Texas Civil Practice and Remedies Code.

9.04    As a direct and proximate result of the said breaches, POWERVIBE has suffered damages as more fully set forth below.

X.
BREACH OF NONCOMPETE/NONCIRCUMVENT AGREEMENT

10.01    The foregoing paragraphs are incorporated herein for all purposes.

10.02    Additionally and/or alternatively without waiving any of the above and foregoing, Barbara signed a Noncompete/Noncircumvent Agreement on or about August 2, 2006, which substantially said that Barbara would not compete with or circumvent POWERVIBE in North or South America either while he was involved with POWERVIBE or for a period of 1 year after the termination of the Agreement.

10.03    Barbara was under a contractual obligation not to interfere and had a responsibility for the future growth of the company.

10.04    As more fully described in Section 4 above, Barbara breached the noncompete provision.

10.05  The conduct of Barbara, as President and a Manager of POWERVIBE, was willful and malicious, and constituted a fraudulent scheme in violation of Barbara's fiduciary duties owed to POWERVIBE.

10.06  As a direct and proximate result of the said breaches, POWERVIBE has suffered damages as more fully set forth below.

## XI.
## NEGLIGENCE

11.01  The foregoing paragraphs are incorporated herein for all purposes.

11.02  Additionally and/or alternatively without waiving any of the above and foregoing, Barbara, as President and as a Manager of POWERVIBE, had a duty to use due care in the operation of the company.

11.03  Barbara failed to use due care as more fully described in Section 4 above.

11.04  As a direct and proximate result of Barbara's negligence, POWERVIBE has suffered damages as more fully set forth below.

## XII.
## GROSS NEGLIGENCE

12.01  The foregoing paragraphs are incorporated herein for all purposes.

12.02  Additionally and/or alternatively without waiving any of the above and foregoing, Barbara, as President and as a Manager of POWERVIBE, had a duty to use due care when he operated the company.

12.03  Barbara knowingly and intentionally failed to use due care as more fully described in Section 4 above.

12.04   The conduct of Barbara was willful and malicious and constituted a fraudulent scheme in violation of the duties Barbara owed to POWERVIBE.

12.05   As a direct and proximate result of Barbara's gross negligence, POWERVIBE has suffered damages as more fully set forth below.

### XIII.
### FRAUD

13.01   The foregoing paragraphs are incorporated herein for all purposes.

13.02   Additionally and/or alternatively without waiving any of the above and foregoing, Barbara, as President and as a Manager of POWERVIBE, and as an individual, engaged in fraudulent behavior.

13.03   Barbara engaged in false, misleading and deceptive acts or practices as more fully described in Section 4 above.

13.04   As a direct and proximate result of the fraudulent behavior of Barbara, POWERVIBE has suffered damages as more fully set forth below.

### XIV.
### ACTUAL AND EXEMPLARY DAMAGES

14.01   The foregoing paragraphs are incorporated herein for all purposes.

14.02   As a direct and proximate result of the above described actions of Barbara, POWERVIBE would show that it has suffered actual damages in an amount in excess of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) within the jurisdictional limits of this Court, which POWERVIBE incurred as a direct and proximate result of Barbara's wrongful conduct.

14.03   As set forth above, the wrongs done by Barbara against POWERVIBE were aggravated by that kind of intentional, willful, wanton and malicious action for which the law

allows the imposition of exemplary damages. Barbara's conduct was intentional, willful and wanton, without justification or excuse, and Barbara acted with gross indifference to the rights of POWERVIBE. Therefore, POWERVIBE seeks exemplary damages in an amount far in excess of the minimum jurisdictional limits of this Court.

## XV.
## ATTORNEY FEES

15.01   In order to protect the rights of POWERVIBE, it has become necessary to employ the undersigned attorneys. POWERVIBE would show that Barbara is liable for the reasonable attorneys fees incurred herein pursuant to §38.001 of the Texas Civil Practice and Remedies Code plus additional attorneys' fees in the event of an appeal or Writ of Error.

## XVI.
## INTEREST

16.01   The foregoing paragraphs are incorporated herein for all purposes.

16.02   POWERVIBE further requests that it receive all interest, both prejudgment and post-judgment, to which it is by law entitled from the date of the above described wrongful acts until any judgment is paid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff POWERVIBE respectfully prays that Barbara be cited to appear and answer herein, and that on final trial hereof, POWERVIBE obtains the temporary and permanent injunctive relief as specified, has and recovers judgment for both actual and exemplary damages of and from Barbara jointly and severally, plus equitable and other lawful and legal prejudgment interest, post-judgment interest, for all costs of suit and attorneys' fees, and for such other further relief, both at law and in equity, as POWERVIBE may show itself justly entitled.

RESPECTFULLY SUBMITTED,

J. Mark Bragg
LAW OFFICES OF J. MARK BRAGG
5700 W. Plano Pkwy, Suite 3400
Plano , Tx. 75093
(214) 432-3380
(214) 432-3389 fax
Tx. State Bar No: 02859100

ATTORNEY FOR PLAINTIFF
POWERVIBE, L.L.C.

**VERIFICATION**

STATE OF CALIFORNIA           §
                             §
COUNTY OF Los Angeles         §

     Before me, the undersigned notary, on this day, personally appeared Christian Reichardt, President of POWERVIBE, L.L.C., a person whose identity is known to me.    After I administered an oath to him, upon his oath, he said he read the Plaintiff's Original Petition and that the facts stated in it are within his personal knowledge and are true and correct.

                             CHRISTIAN REICHARDT

SUBSCRIBED AND SWORN TO before me on this ___6th___ day of August, 2007.

                             Notary Public in and for the State of California

My commission expires:

April 23, 2008

SHARON M. ANDERSON
Commission # 1484586
Notary Public - California
Los Angeles County
My Comm. Expires Apr 23, 2008

POWERVIBE, LLC
OPERATING ACCOUNT

2532

Secretary of State 55⁰⁰

POWERVIBE, LLC
OPERATING ACCOUNT

2531

Dallas County Clerk 256⁰⁰

℀JS 44  (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*POWERVIBE , L.L.C.*

**(b)** County of Residence of First Listed Plaintiff  *Dallas*
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*LAW OFFICES OF J. MARK BRAGG*
*5700 W. Plano Pkwy., suite 3400*
*Plano, TX 75093  (214) 432-3380*

## DEFENDANTS

*PATRICK BARBARA*

**3 0 7 - C V 1 5 3 6 - K**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
*Shawn K. Brady, Brady Law Firm, PLLC*
*1721 W. Plano Pkwy., suite 102*
*Plano, TX 75075  (972)424-7200*

RECEIVED
SEP 10 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  *28 USC §§ 1332, 1441*

Brief description of cause:  *Business dispute; Plaintiff alleges breach of duty of care, fraud, breach of noncompete, slander, etc.*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  *in excess of $75,000*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  *9-10-07*

SIGNATURE OF ATTORNEY OF RECORD  *Shawn K Brady*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44a Reverse (Rev. 10/06)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:    U.S. Civil Statute: 47 USC 553
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related cases that are related to this filing, if any. **If a related case exists, <u>whether pending or closed,</u> insert the docket numbers and the corresponding judge names for such cases.** A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

United States District Court
Northern District of Texas



Supplemental Civil Cover Sheet For Cases Removed
From State Court

# 307 - CV1536 - K

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office. Additional sheets may be used as necessary.

1.    **State Court Information:**

Please identify the court from which the case is being removed and specify the number
assigned to the case in that court.

**RECEIVED**

SEP 10 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| Court | Case Number |
|---|---|
| County court at Law No. 1 Dallas county | CC-07-11458-A |

2.    **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their
party type. Also, please list the attorney(s) of record for each party named and include their
bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Plaintiff Powervibe, L.L.C. | Bar No. 02859100 J. Mark Bragg 5700 w. Plano Pkwy., Suite 3400 Plano, TX 75093 (214) 432-3380 |
| Defendant Patrick Barbara | Brady Law Firm, PLLC Attorney Shawn K. Brady Bar No. C0787126 |

3.    **Jury Demand:**

Was a Jury Demand made in State Court?        • Yes

If "Yes," by which party and on what date?

(No) 1721 w. Plano Pkwy
Suite 102
Plano, TX 75075
(972)424-7200

_____          _____
Party                                                    Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?      • Yes      • No

If "*Yes*," by which party and on what date?

_____      _____
Party                                                                          Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                                  **Reason(s) for No Service**

None

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                                  **Reason**

None

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                                  **Claim(s)**

Powervibe, L.L.C.                         Civil lawsuit for damages.
                                                        Plaintiff alleges Defendant
                                                        breached duty of care and loyalty
                                                        in connection with his role at Powervibe.
                                                        Plaintiff also alleges a breach of a
                                                        covenant not to compete, along with
                                                        various other torts.