IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POWERVIBE, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 307-CV1536-K |
| | § | |
| PATRICK BARBARA, | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT PATRICK BARBARA'S ORIGINAL ANSWER**

TO THE HONORABLE COURT:

Defendant Patrick Barbara (hereinafter "Barbara") files this Original Answer to the claims asserted by Plaintiff, subject to and without waiving his Motion to Dismiss, and in support thereof would show the Court as follows:

### **I. ADMISSIONS AND DENIALS**

1.01    Barbara admits that Plaintiff requested a Level Three discovery plan in the state court litigation and that Plaintiff alleges monetary relief in excess of $50,000.00.

2.01    Barbara admits that Powervibe, L.L.C. (hereinafter "Powervibe") is a Texas limited liability company.  Barbara denies that he was provided adequate information prior to formation of this entity.  Barbara denies that the principal place of business of Powervibe, L.L.C. is in Dallas County.

2.02    Barbara admits that Plaintiff correctly identified his address. Barbara denies engaging in any tortious conduct and further denies that any conduct established the necessary minimum contacts to establish personal jurisdiction in Texas. Barbara further denies having sufficient contacts with Texas to support personal jurisdiction and denies that such contacts were continuing and systematic as alleged by Plaintiff (in Paragraph 2.02, Plaintiff also references "Sanders" which Barbara assumes is a typographical error).

3.01    Barbara specifically denies that venue in the state court litigation was proper in Dallas County and further specifically denies that Dallas County is the county in which all or part of the cause of action accrued.

3.02    Barbara denies the allegations in Paragraph 3.02.

4.01    Barbara admits that Powervibe is a Texas limited liability company that was organized on or about June 31, 2006 but Barbara denies that he was fully informed prior to the formation of this entity. Barbara admits that the principals of Powervibe gave Barbara the title of president and that he served in this capacity from Powervibe's inception until Barbara was wrongfully replaced on or about March 22, 2007. Barbara admits that he and Daniel Kondos and Christian Reichardt were each to own an equal one-third interest in Powervibe.

4.02    Barbara denies that the main business involved manufacturing; the business resolved around promotion, sales, and distribution.

4.03    Barbara admits that Powervibe marketed an exercise machine called the PowerVibe and/or PowerVibe Pro.

4.04    Barbara denies that there was a complete and binding manufacturer's agreement.

4.05     Barbara admits executing a non-compete agreement regarding the Powervibe and Powervibe Pro. specific machines.  Barbara reserves the right to challenge even the enforceability of that agreement.

4.06     Barbara admits that Dan Kondos established what was supposed to be a line-of credit that subsequently and wrongfully became a debt of Powervibe to Dan Kondos.

4.07     Barbara denies the allegations in Paragraph 4.07.

4.08     Barbara denies that he had any failures which led to the risk of losing units, sales, etc.  Barbara is without knowledge and information sufficient to form a belief as to whether other members were questioning his capabilities.  Barbara denies that he failed to keep accurate and detailed information on inventory.  Barbara denies that the company had to expend multiple hours figuring out inventory matters and customer information.

4.09     Barbara is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.09 but denies that any increase in sales were the result of efforts of other members.

4.10     Barbara denies the allegations in the first two sentences in Paragraph 4.10.  As far as the third sentence is concerned, Barbara admits that he was involved with other exercise equipment but denies recruiting Powervibe sales force and further denies contacting Powervibe customer accounts to sale such competitive machines.  Barbara admits that he attended a trade show in Denver, Colorado but denies engaging in any conduct which resulted in damages to Powervibe.

4.11     Barbara denies the allegations in Paragraph 4.11.

4.12   Barbara denies the allegations in the first two sentences of Paragraph 4.12. Barbara is without knowledge and information sufficient to form a belief as to the allegation that Powervibe had to change its marketing materials but denies that any conduct of Barbara resulted in such a change. Barbara denies the remaining allegations in Paragraph 4.12.

4.13   Barbara denies the allegations in Paragraph 4.13.

4.14   Barbara admits that he was wrongfully voted out as president and manager. Barbara denies the remaining allegations in Paragraph 4.14.

4.15   Barbara denies the allegations in Paragraph 4.15.

4.16   Barbara denies that he held himself out to the public as president. Barbara denies the remaining allegations in Paragraph 4.16.

4.17   Barbara is without knowledge and information sufficient to form a belief to the reasons why other members of the company may have encouraged Barbara to sale the subject units.

4.18   Barbara denies the allegations in Paragraph 4.18.

4.19   Barbara denies the allegations in Paragraph 4.19.

4.20   Barbara is without knowledge and information sufficient to form a belief as to the allegations in Paragraph 4.20.

4.21   Barbara denies the allegations in Paragraph 4.21.

4.22   Barbara denies the allegations in Paragraph 4.22.

4.23    Barbara denies the allegations in Paragraph 4.23.

4.24    Barbara is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.24; Plaintiffs do not identify the subject consultant.

4.25    Barbara denies the allegations in Paragraph 4.25.

4.26    Barbara is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.26.

4.27    Barbara denies any allegation that he has wrongfully attempted to recuit any sales consultants.

4.28    Barbara denies the allegations in Paragraph 4.28.

4.29    Barbara denies the allegations in Paragraph 4.29.

4.30    Barbara denies the allegations in Paragraph 4.30.

5.01    It is not necessary to admit or deny the allegations in Paragraph 5.01.

5.02    Barbara admits that he felt a personal obligation to look out for the best interests of Powervibe but is currently without knowledge or information sufficient to form an opinion on whether this gives rise to any legal duty or any legal obligation.

5.03    Barbara denies the allegations in Paragraph 5.03.

5.04    Barbara denies the allegations in Paragraph 5.04.

5.05    Barbara denies the allegations in Paragraph 5.05.

5.06    Barbara denies the allegations in Paragraph 5.06.

5.07 Barbara denies the allegations in Paragraph 5.07.

6.01 It is not necessary to admit or deny the allegations in Paragraph 6.01.

6.02 Barbara admits that he felt a personal obligation to look out for the best interests of Powervibe but is currently without knowledge or information sufficient to form an opinion on whether this gives rise to any legal duty or any legal obligation.

6.03 Barbara admits that he had an obligation to look out for the best interests of Powervibe but is currently without knowledge or information sufficient to form an opinion on whether this gives rise to any legal duty or any legal obligation.

6.04 Barbara denies the allegations in Paragraph 6.04.

6.05 Barbara denies the allegations in Paragraph 6.05.

6.06 Barbara denies the allegations in Paragraph 6.06.

6.07 Barbara denies the allegations in Paragraph 6.07.

6.08 Barbara denies the allegations in Paragraph 6.08.

7.01 It is not necessary to admit or deny the allegations in Paragraph 7.01.

7.02 Barbara denies the allegations in Paragraph 7.02.

7.03 Barbara denies the allegations in Paragraph 7.03.

7.04 Barbara is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.04; the alleged relationships are not described.

7.05 Barbara denies the allegations in Paragraph 7.05.

7.06    Barbara denies the allegations in Paragraph 7.06.

7.07    Barbara denies the allegations in Paragraph 7.07.

8.01    It is not necessary to admit or deny the allegations in Paragraph 8.01.

8.02    Barbara denies the allegations in Paragraph 8.02.

8.03    Barbara denies the allegations in Paragraph 8.03.

8.04    Barbara denies the allegations in Paragraph 8.04.

9.01    It is not necessary to admit or deny the allegations in Paragraph 9.01.

9.02    Barbara denies the allegations in Paragraph 9.02.

9.03    Barbara denies the allegations in Paragraph 9.03.

9.04    Barbara denies the allegations in Paragraph 9.04.

10.01   It is not necessary to admit or deny the allegations in Paragraph 10.01.

10.02   Barbara admits that he signed a Noncompete Agreement but denies that this is an enforceable agreement.

10.03   Barbara admits that he felt a personal obligation to look out for the best interests of Powervibe but is currently without knowledge or information sufficient to form a belief as to whether or not that gave rise to a legal obligation or a legal duty.

10.04   Barbara denies the allegations in Paragraph 10.04.

10.05   Barbara denies the allegations in Paragraph 10.05.

10.06   Barbara denies the allegations in Paragraph 10.06.

11.01   It is not necessary to admit or deny the allegations in Paragraph 11.01.

11.02   Barbara admits that he felt a personal obligation to look out for the best interest of Powervibe but is currently without knowledge or information sufficient to form a belief as to whether or not that gave rise to a legal obligation or a legal duty.

11.03   Barbara denies the allegations in Paragraph 11.03.

11.04   Barbara denies the allegations in Paragraph 11.04.

12.01   It is not necessary to admit or deny the allegations in Paragraph 12.01.

12.02   Barbara admits that he felt a personal obligation to look out for the best interests of Powervibe but is currently without knowledge or information sufficient to form a belief as to whether or not that gave rise to a legal obligation or a legal duty.

12.03   Barbara denies the allegations in Paragraph 12.03.

12.04   Barbara denies the allegations in Paragraph 12.04.

12.05   Barbara denies the allegations in Paragraph 12.05.

13.01   It is not necessary to admit or deny the allegations in Paragraph 13.01.

13.02   Barbara denies the allegations in Paragraph 13.02.

13.03   Barbara denies the allegations in Paragraph 13.03.

13.04   Barbara denies the allegations in Paragraph 13.04.

14.01　It is not necessary admit or deny the allegations in Paragraph 14.01.

14.02　Barbara denies the allegations in Paragraph 14.02.

14.03　Barbara denies the allegations in Paragraph 14.03.

15.01　Barbara denies the allegations in Paragraph 15.01.

16.01　It is not necessary to admit or deny the allegations in Paragraph 16.01.

16.02　Barbara admits that Powervibe is requesting all interest available by law on any monetary judgment.

## II. AFFIRMATIVE DEFENSES

1.　Barbara further pleads the following affirmative defenses: duress, estoppel, failure of consideration, fraud, illegality, waiver, and failure to mitigate. Barbara would further show that Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Patrick Barbara, Defendant herein, requests the Court to enter a judgment that Plaintiff's claims be dismissed or that Plaintiff take nothing herein, and that Barbara recover all costs, together with such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/Shawn K. Brady
Shawn K. Brady
Texas Bar No. 00787126

MESSER, CAMPBELL & BRADY
6351 Preston Road
Suite 350
Frisco, Texas 75034
(972) 424-7200 Telephone
(972) 424-7244 Facsimile

Attorney for
Patrick Barbara

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2007, a true and correct copy of the above and foregoing has been delivered by certified mail, return receipt requested to J. Mark Bragg, LAW OFFICES OF J. MARK BRAGG, 5700 W. Plano Parkway, Suite 3400, Plano, Texas 75093.

/s/Shawn K. Brady
Shawn K. Brady