IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POWERVIBE, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 307-CV1536-K |
| | § | |
| PATRICK BARBARA, | § | |
| | § | |
| Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT PATRICK BARBARA'S MOTION TO DISMISS**

Shawn K. Brady
Texas Bar No. 00787126
MESSER, CAMPBELL & BRADY, L.L.P.
6351 Preston Road
Suite 350
Frisco, Texas 75034
(972) 424-7200 Telephone
(972) 424-7244 Facsimile

Attorney for
Patrick Barbara

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

    1. INTRODUCTION ............................................................................................................. 1

    2. SUMMARY OF ARGUMENT ......................................................................................... 1

    3. FACTUAL BACKGROUND ............................................................................................ 2

    4. ARGUMENTS AND AUTHORITIES .............................................................................. 4

        4.1.        Standard of Review for Personal Jurisdiction. .................................................... 4

        4.2.        Barbara is Not Subject to Specific Jurisdiction in Texas. .................................. 4

        4.3.        Barbara is Not Subject to General Jurisdiction in Texas. .................................. 5

        4.4.        The Assertion of Jurisdiction Over Barbara Would Offend Traditional Notions of Fair Play and Substantial Justice. ................................................... 6

        4.5.        Plaintiff's Suit Should be Dismissed for Improper Venue. ............................... 7

        4.6.        Plaintiff's Suit Should be Dismissed for Forum Non Conveniens. ................... 7

    5. CONCLUSION .................................................................................................................. 8

## **TABLE OF AUTHORITIES**

**CASES**

Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984)…………….. 5, 6, 7

Alpine View Co. v. Atlas CapcoAB, 205 F.3d 208 (5th Cir. 2000)………………. 4, 5

Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331 (5th Cir. 1999)…………… 4, 5, 7

Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320 (5th Cir. 1996)…………. 5

Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415 (5th Cir. 1993)………… 4

Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th Cir. 1987)……………………. 6, 7

**STATUTES**

Fed. R. Civ. Proc 12(b)(3)……………………………………………………... 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POWERVIBE, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 307-CV1536-K |
| | § | |
| PATRICK BARBARA, | § | |
| | § | |
| Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT PATRICK BARBARA'S MOTION TO DISMISS**

TO THE HONORABLE COURT:

Defendant Patrick Barbara (hereinafter "Barbara") files this Brief in Support of his Motion to Dismiss, as follows:

## 1. INTRODUCTION

Plaintiff has sued Barbara, an individual with virtually no contacts to the State of Texas. Plaintiff's claims relate to the formation of a business known as Powervibe, L.L.C. (hereinafter "Powervibe"). As demonstrated by the evidence in support of this Motion, the formation and subsequent events relating to this entity have no substantial relation whatsoever to the State of Texas.

## 2. SUMMARY OF ARGUMENT

Plaintiff's claims against Barbara should be dismissed because (1) this Court does not have personal jurisdiction over Barbara as he did not have sufficient contacts with the State of Texas; (2) there is improper venue in this action; and (3) this action should be dismissed based upon the doctrine of forum non conveniens.

## 3. FACTUAL BACKGROUND

In February, 2006, Barbara met with Christian Reichardt (hereinafter "Reichardt") at a trade show in Las Vegas, Nevada. Barbara was presenting Fitvibe Machines and conferred with Reichardt regarding a program for kids against steroids. Barbara advised Reichardt that he was working on getting a home model that was being distributed in Europe. Barbara and Reichardt discussed embarking on a new business venture together.

Subsequently, Reichardt contacted Barbara regarding a potential investor in the new business, to wit, Dan Kondos (hereinafter "Kondos"). Kondos, along with two other individuals, visited Barbara in California for the purpose of viewing a demonstration of the subject equipment.

In or about July, 2006, Barbara, Reichardt and Kondos entered into an agreement in which they agreed that they would form and operate a business entity known as Powervibe for the purpose of selling a certain specific model of vibration machine to be used for fitness purposes. Barbara, Reichardt, and Kondos were each to own an equal 1/3rd interest in the new entity. Barbara was to control the day to day operations of the business. Pursuant to the agreement, on or about July 31, 2006, Powervibe was formed and began to conduct business. Powervibe has three principal locations, all within the State of California.

Barbara acknowledges that Powervibe was formed as Texas entity. However, Barbara acquiesced to the formation of the business in Texas based upon the advice of Kondos, an attorney, who said he could use his connections to the legal community in Texas to assist with the paperwork, etc. Barbara subsequently discovered that Kondos fraudulently induced Barbara to enter into such a transaction, along with other transactions, which were in the best interest of Kondos but not in the best interest of Powervibe. Barbara detrimentally relied upon the advice

of Kondos and had he known the true intent, Barbara would not have agreed to Powervibe being formed as a Texas entity. Even though Powervibe is a Texas entity, the day-to-day operations of Powervibe are in California, not Texas.

Powervibe has no offices in Texas. Further Powervibe has no employees in Texas. The main place of business of Powervibe is located at three locations in California. Powervibe does not actively market or sell its products to those in Texas. Further, all of the work in creating Powervibe from the perspective of Barbara was performed in California, including: the establishment of a show room in Santa Monica, California; multiple meetings in this California showroom; the direction and filming of a training video in connection with Powervibe's business in this California showroom. Barbara also participated in meetings related to Powervibe at Dan Kondos's place in California located at 1200 Ocean, Santa Monica, California.

After the formation of the business entity, a dispute arose. A meeting took place in March, 2007 in California in which Kondos and Reichardt wrongfully removed Barbara from his position of controlling the day to day operations of Powervibe. Since that time, Barbara has made repeated demands for an opportunity to review the books and records of Powervibe, including, without limitation, its bank statements but Kondos/Reichardt have refused to cooperate.

The three principals of Powervibe have strong California connections. Barbara is a California resident. The principal residence of Reichardt is in California. Further, upon information and belief, Kondos has a residence in California where he spends a good portion of his time.

Barbara acknowledges that another entity was formed in Texas known as Leading Edge Marketing, L.L.C. (hereinafter "Leading Edge") which was formed in part to assist in marketing

the product sold by Powervibe. Leading Edge is a completely separate entity from Powervibe. Barbara opposed the formation of Leading Edge as the individuals connected with this entity were not qualified and had insufficient knowledge of the business. Neither the wrongful formation of this entity which was created solely for the best interest of Kondos and/or Reichardt, nor the other facts surrounding the formation and operation of Powervibe, give rise to a sufficient connection to the State of Texas to subject Barbara to be in sued in the State of Texas.

### 4. ARGUMENTS AND AUTHORITIES

**4.1.    Standard of Review for Personal Jurisdiction.**

A federal district court may only exercise jurisdiction over nonresident defendants if "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 418 (5th Cir. 1993). The exercise of personal jurisdiction over nonresident defendants runs afoul of the Constitution unless (1) the defendant purposefully availed itself to the benefits and protections of the forum by establishing "minimum contacts" with the forum state; and (2) the court's exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000); Ruston Gas Turbines, 9 F.3d at 421. Courts recognize two situations by which a plaintiff may satisfy the minimum contacts test—specific jurisdiction and general jurisdiction—neither of which exists in this case.

**4.2.    Barbara is Not Subject to Specific Jurisdiction in Texas.**

Powervibe has failed to plead the facts necessary to establish specific jurisdiction: a relationship between a defendant, the forum, and the litigation. Dickson Marine Inc v.

BRIEF IN SUPPORT OF DEFENDANT PATRICK BARBARA'S MOTION TO DISMISS – PAGE 4

Panalpina, Inc., 179 F.3d 331, 337 (5th Cir. 1999).  For specific jurisdiction to exist, the litigation must result from injuries to the plaintiff arising from or relating to the nonresident defendant's purposeful contacts with the forum state.  Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 324 (5th Cir. 1996).

In this case, Plaintiff's alleged injuries do not arise from Barbara's purposeful contacts with Texas.  Despite Barbara's conspicuous absence from the State of Texas, and despite the fact that his residence is within the State of California, Plaintiff requests this Court to assert jurisdiction over Barbara despite the fact that he has not had significant contacts with the State of Texas regarding the claims which are the subject of this litigation.

### 4.3.    Barbara is Not Subject to General Jurisdiction in Texas.

To establish jurisdiction over a nonresident defendant, a plaintiff must show that the defendant's contacts with Texas are substantial, continuous, and systematic.  Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415, 16 (1984); Alpine View Co. v. Atlas CopcoAB, 205 F.3d. 208, 217 (5th Cir.).  Plaintiff wholly fails to plead any facts which demonstrate that Barbara's contacts with Texas are "substantial, continuous, and systematic."

To dispense with the general jurisdiction analysis, it is necessary to look no further than the United States Supreme Court's holding in Helicopteros.  There, the court held that contacts significantly greater than those present in this case would not support general jurisdiction. Helicopteros, 466 U.S. at 417-19.  In Helicopteros, plaintiffs filed a wrongful death suit in Texas against Helicopteros, a Columbian corporation, that had contracted to provide helicopter transportation to a Peruvian consortium.  The consortium, in turn, was the alter ego of a Texas joint venture.  Helicopteros' chief executive officer had traveled to the joint venture's headquarters in Houston to negotiate the terms of the helicopter transportation contract.  In

addition, over a seven year period, Helicopteros purchased eighty percent of its fleet, spare parts, and accessories from Bell Helicopter in Fort Worth. During that same time period, Helicopteros sent prospective pilots to Fort Worth for training and sent management and maintenance personnel to Texas to receive "plant familiarization" and technical consultation. Helicopteros also received $5 million in payments from a bank in Houston. According to the Supreme Court, however, these substantial contacts were not sufficiently continuous and systematic to support general jurisdiction. Helicopteros, 466 U.S. at 418-19.[1]

Barbara's contacts with Texas pale in comparison to the defendants' contacts in Helicopteros and Bearry. Unlike those cases, Barbara did not purchase goods from Texas, or send employees to Texas for training. Barbara is not licensed or qualified to do business in Texas, has no employees in Texas, has no offices, mailing addresses, or telephone numbers in Texas, does not own, use, or possess real or personal property in Texas, does not manufacture goods in Texas, has not delivered any products into the stream of commerce in Texas, has not personally advertised in Texas, and does not otherwise conduct business in Texas.

In fact, Barbara's only contact with Texas is the fact that Kondos resides, and conducts a law practice, in the State of Texas and wrongfully established two entities in Texas (Powervibe and Leading Edge) which conduct business elsewhere. This "contact" is immaterial and Barbara relied upon advice from Kondos who had a conflict of interest because he was a principal in another entity which had interest adverse to those of Powervibe.

**4.4.   The Assertion of Jurisdiction Over Barbara Would Offend Traditional Notions of Fair Play and Substantial Justice.**

---

[1] In a similar case, the Fifth Circuit held that there was no general jurisdiction over a nonresident defendant that contracted with Texas distributors, sold goods to those distributors, and that advertised in Texas as part of its national marketing strategy. Bearry v. Beech Aircraft Corp., 818 F.2d 370, 376 (5th Cir. 1987).

Even if Barbara had minimum contacts with the State of Texas (which he did not), the Court should refuse to exercise personal jurisdiction over Barbara because to do so would offend traditional notions of fair play and substantial justice. In deciding this issue of fundamental fairness, the Court must consider: (1) the burden on Barbara; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) the interests of the several states. Bearry, 818 F.2d at 377. Given Barbara's scant contacts with the State of Texas, the fact that litigation in Texas would place a great burden upon Barbara, and the availability of relief in a California court, where litigation is already pending, it would not be fair or reasonable for this Court to assert jurisdiction over Barbara. Helicopteros, 466 U.S. at 418-19.

**4.5.   Plaintiff's Suit Should be Dismissed for Improper Venue.**

For the reasons stated hereinabove, venue is not proper in the State of Texas. There is already a pending lawsuit in the State of California. *See* Barbara v. Powervibe, L.L.C., Christian Reichardt, Daniel Kondos, et al., represented by Cause Number BC376210 pending in the Superior Court for the State of California, County of Los Angles. Pursuant to Federal Rule of Civil Procedure 12(b)(3), this cause should be dismissed for improper venue.

**4.6.   Plaintiff's Suit Should be Dismissed for Forum Non Conveniens.**

The Court should consider the following private interest factors when deciding a motion to dismiss on forum non conveniens grounds: (1) relative ease of access of sources of proof; (2) cost and feasibility of bringing willing and unwilling witnesses to trial; (3) possibility of jury viewing the premises; (4) enforceability of alternative forum's judgment; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d. 331, 342 (5th Cir. 1999).

All of these private interest factors weigh in favor of dismissal. Out of the three principals individuals involved with Powervibe, all of them maintain a residence within the State of California. Moreover, the operative events giving rise to this dispute occurred in the State of California. Further, there are no employees of Powervibe within the State of Texas, the fitness machines were not actively marketed by Powervibe within the State of Texas, and there were quite frankly no sufficient contacts with the State of Texas to subject Barbara to in personam jurisdiction within Texas.

### 5. CONCLUSION

For the foregoing reasons, Barbara requests that his Motion to Dismiss be granted.

Respectfully submitted,

/s/Shawn K. Brady
Shawn K. Brady
Texas Bar No. 00787126

MESSER, CAMPBELL & BRADY, L.L.P.
6351 Preston Road
Suite 350
Frisco, Texas 75034
(972) 424-7200 Telephone
(972) 424-7244 Facsimile

Attorney for
Patrick Barbara

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2007, a true and correct copy of the above and foregoing has been delivered via ECF to J. Mark Bragg, LAW OFFICES OF J. MARK BRAGG, 5700 W. Plano Parkway, Suite 3400, Plano, Texas 75093.

/s/Shawn K. Brady
Shawn K. Brady